**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IESHA POWELL, *individually and on behalf of all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> MIDLAND CREDIT MANAGEMENT, INC., <br><br> Defendant. | HONORABLE KAREN M. WILLIAMS <br><br> Civil Action <br><br> No. 21-19836 (KMW-MJS) <br><br> **OPINION** |

APPEARANCES:

Daniel Zemel, Esquire
Nicholas Joseph Linker, Esquire
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
    Counsel for Plaintiff

Michael P. Trainor, Esquire
Jonathan F. Ball, Esquire
Blank Rome, LLP
130 N. 18th Street
Philadelphia, PA 19103
    Counsel for Defendant

**WILLIAMS, District Judge:**

**I.   INTRODUCTION**

    This matter comes before the Court on a Motion filed by Defendant Midland Credit Management, Inc.'s ("Defendant") to compel arbitration and dismiss the case [ECF No. 6].

Plaintiff Iesha Powell ("Plaintiff") filed a response in opposition to the Motion [ECF No. 10]. Finally, Defendant responded to the arguments made by Plaintiff in her opposition by filing a reply [ECF No. 16]. Having considered the parties' submissions, the Court decides this matter without oral argument. Fed. R. Civ. P. 78(d); L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's Motion is **denied without prejudice** to refile upon the completion of limited discovery discussed herein.

## II.     BACKGROUND

### A.     Factual Background

This case concerns debt collection practices arising from a consumer's use of her credit card. On or about January 8, 2016, Plaintiff opened an Express credit card account ("Account") issued by Comenity Bank ("Comenity"). Def.'s Br. in support of Mot. to Compel, at 1. Upon the creation of the Account, Comenity mailed Plaintiff the physical credit card, along with the terms and conditions of the Account ("Account Agreement"). *Id.* The terms and conditions of the Account Agreement provided that Comenity "may add, change, or delete the terms of your Account. If required by applicable law, [Comenity] will give you advance written notice of the change(s) and a right to reject the change(s)." *Id.* The Account Agreement also provided that Comenity "may transfer or assign your Account and/or this Agreement, or any of our rights under this Agreement, to another person or entity at any time without prior notice to you or your consent." *Id.* at 6. Defendant asserts that Plaintiff accepted these terms and conditions by using the Account to make purchases, explaining that the Agreement afforded Plaintiff the right to reject or opt-out of various provisions, including the arbitration and class action waiver provisions implicated by the present motion, but Comenity never received any rejection or opt-out from Plaintiff. *Id.* at 2.

The Account Agreement included a number of provisions, including an arbitration and jury trial waiver. Ex. A[1] to Declaration of Matthew S. Blosco in support of Def's. Mot. to Compel ("Blosco Decl."). The Account Agreement provided that the following parties would be subject to arbitration, stating, in relevant part that "[s]olely as used in this Arbitration Provision (and not elsewhere in this Agreement), the terms 'we,' 'us' and 'our' mean (a) Comenity Bank, any parent, subsidiary or affiliate of the Bank and the employees, officers and directors of such companies." *Id.* Additionally, the arbitration provision is broad and covers, among other things, disputes based on statutes and regulations. *Id.*[2] The arbitration provision states that courts and jury trials are prohibited if either party elects to arbitrate a claim and, among other things, if either party elects to arbitrate the claim, neither party may participate in a class action in court or in a class-wide arbitration. *Id.* The arbitration agreement provided an opt-out period wherein someone could reject the arbitration provision by mailing a written rejection notice within "thirty (30) calendar days after the date [Comenity] first provide[d] [the account holder] with a credit card agreement or written notice providing [the account holder] a right to reject this Arbitration Provision." *Id.*

According to the parties, the Plaintiff's last purchase using the Express credit card

---

[1] The full text of the jury trial waiver provides that:
    TO THE EXTENT PERMITTED BY LAW, YOU AND WE WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF A LAWSUIT ARISING OUT OF OR RELATED TO THIS AGREEMENT. THIS JURY TRIAL WAIVER SHALL NOT AFFECT THE ARBITRATION PROVISION BELOW (INCLUDING THE JURY TRIAL WAIVER CONTAINED THEREIN). YOU AND WE EACH REPRESENT THAT THIS WAIVER IS GIVEN KNOWINGLY, WILLINGLY AND VOLUNTARILY.
Ex. A to Blosco Decl.

[2] The arbitration provision covers claims that are defined, in relevant part, as:
    [A]ny claim, dispute or controversy between you and us that in any way arises from or relates to this Agreement, the Account, the issuance of any Card, any rewards program, any prior agreement or account. . . . [and includes] disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief).
*Id.*

occurred on or about June 10, 2017. *Id.* at 6; Pltfs.' Br. in Opposition of Mot. to Compel, ECF No. 10, at 1 (identifying the last purchase date as June 15, 2017). Plaintiff further states that the last payment made by Plaintiff was on April 29, 2019. *Id.*; Def.'s Br., at 6.

On June 20, 2019, Comenity electronically transmitted a Change in Terms ("CIT") to Plaintiff that amended the terms of the Account's existing arbitration and jury trial waiver provisions. *Id.* at 2; *see also* CIT, Ex. B to Blosco Decl. These changes were effective on July 21, 2019. Def.'s Br., at 2. The updated arbitration provision provided, in relevant part, that:

> TO THE EXTENT PERMITTED BY LAW, YOU AND WE WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF A LAWSUIT ARISING OUT OF OR RELATED TO THIS AGREEMENT. THIS JURY TRIAL WAIVER SHALL NOT AFFECT THE ARBITRATION PROVISION BELOW (INCLUDING THE JURY TRIAL WAIVER CONTAINED THEREIN). YOU AND WE EACH REPRESENT THAT THIS WAIVER IS GIVEN KNOWINGLY, WILLINGLY AND VOLUNTARILY.

CIT, Exhibit B to Blosco Decl. The arbitration provision also stated that "IF YOU OR WE ELECT TO ARBITRATE A CLAIM, YOU WILL NOT HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR HAVE A JURY DECIDE THE CLAIM." *Id.* Additionally, the arbitration provision provided that "IF YOU OR WE ELECT TO ARBITRATE A CLAIM: (1) NEITHER YOU NOR WE MAY PARTICIPATE IN A CLASS ACTION IN COURT OR IN CLASS-WIDE ARBITRATION, EITHER AS A PLAINTIFF, DEFENDANT OR CLASS MEMBER…" *Id.* Arbitrable claims are broadly defined and include. among other things, disputes based on statutes and regulations. *Id.*[3] Finally, the arbitration provision defines parties as:

---

[3] The claims covered by the arbitration provision in the CIT include, in relevant part:
> [A]ny claim, dispute or controversy between you and us that in any way arises from or relates to this Agreement, the Account, the issuance of any Card, any rewards program, and/or any prior agreement or account. . . . [and] includes disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief).

Ex. B to Blosco Decl.

4

> Solely as used in this Arbitration Provision (and not elsewhere in this Agreement), the terms "we," "us" and "our" mean (a) Comenity Bank **and its successors and/or assigns**, as well as any parent, subsidiary or affiliate of theirs and their employees, officers and directors (the "Bank Parties"); and (b) any other person or company that provides any services in connection with this Agreement if you assert a Claim against such other person or company at the same time you assert a Claim against any Bank Party.

*Id.* (emphasis added). The arbitration provision provided a right to reject it by mailing Comenity a rejection notice within 30 calendar days after the date Comenity first provided the cardholder with a credit card agreement or written notice providing the cardholder a right to reject the arbitration provision. *Id.*

In January 2020, Comenity sold and assigned all rights, title and interest in and to Plaintiff's Account to Defendant. Def.'s Br., at 6; Exhibit F to Blosco Decl. Additionally, on January 16, 2020, Comenity sent Plaintiff a letter notifying her of the sale of the Account to Defendant. Def.'s Br., at 6-7; Exhibit G to Blosco Decl.

**B.      Procedural Background**

On May 19, 2021, Plaintiff filed an action, including a proposed class action, in state court alleging Defendant violated the FDCPA by (i) improperly disclosing Plaintiff's personal information to a third party and (ii) improperly including certain information on the envelope containing the debt collection letter. Complaint, ECF No. 1-1, at ¶¶ 5-13, 31-32. The Complaint also asserted a proposed class action, proposing two classes to cover the allegedly violative conduct—the "vendor class" and the "envelope class." *Id.* at ¶ 15. On November 8, 2021, Defendant removed the action to this Court. Notice of Removal, ECF No. 1.

On December 6, 2021, Defendant filed the present Motion to Compel Arbitration and Dismiss arguing that this case should be sent to arbitration, and thus dismissed, pursuant to an agreement between the parties. Mot. to Compel, ECF No. 6. On January 24, 2022, Plaintiff

opposed the Motion, arguing that the alleged agreement upon which Defendant relies to support its position, is not binding because she never received it. Opposition to Mot. to Compel, ECF No. 10. On February 28, 2022, Defendant filed a Reply responding to Plaintiff's Opposition emphasizing that the agreement is binding because there is evidence Plaintiff received the agreement and further argues that receipt of the agreement is not required for the agreement to be binding. Reply for Mot. to Compel, ECF No. 16.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") "reflects a 'strong federal policy in favor of the resolution of disputes through arbitration.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003)). "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). Moreover, "[b]ecause 'arbitration is a matter of contract between the parties,' a judicial mandate to arbitrate must be predicated upon the parties' consent." *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 771 (3d Cir. 2013) (quoting *Par–Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980)). Under the FAA, a court may enforce a contract to arbitrate, but only if the court is satisfied that the "making of the agreement" to arbitrate is not "in issue." *Id.*; *see also* 9 U.S.C. § 4. By contrast, "[i]f a party has not agreed to arbitrate, the courts have no authority to mandate that he do so." *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 444 (3d Cir. 1999). The "presumption in favor of arbitration 'does not apply to the determination of whether there is a valid agreement to arbitrate between the parties.'" *Kirleis*, 560 F.3d at 160 (quoting *Fleetwood Enterprises, Inc. v. Gaskamp*, 280

F.3d 1069, 1073 (5th Cir. 2002)). Nevertheless, "the party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.- Alabama v. Randolph*, 531 U.S. 79, 91 (2000).

When evaluating whether a valid arbitration agreement exists, a court must initially determine whether to apply a Rule 12(b)(6) motion to dismiss standard or a Rule 56 summary judgment standard to a party's motion to compel arbitration. *Guidotti*, 716 F.3d at 771-76. To make that determination, courts in the Third Circuit apply the following framework:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Id.* at 776 (citations omitted). "The centerpiece of that framework is whether the existence of a valid agreement to arbitrate is apparent from the face of the complaint or incorporated documents." *Singh v. Uber Techs, Inc.*, 939 F.3d 210, 218 (3d Cir. 2019) (citing *Guidotti*, 716 F.3d at 774-76).

## IV. DISCUSSION

The Court finds that the Rule 56 summary judgement standard should be applied in determining whether a valid arbitration agreement exist, necessitating discovery on the question of arbitrability. Here, relying on the Third Circuit's guidance set forth in *Guidotti*, it would be inappropriate to apply the Rule 12(b)(6) standard because Plaintiff's Complaint makes no reference to the Account Agreement or the CIT; it does not attach the Account Agreement or the

7

CIT as an exhibit; and the FDCPA claim is not based on the existence of these documents. Rather, the issue of arbitration, as well as the documents that allegedly provide the basis for such arbitration, was first raised in Defendant's instant motion and accompanying brief. *See Madlinger v. Midland Credit Mgmt., Inc.*, No. CV19-21183 (MAS/TJB), 2020 WL 7640918, at *3 (D.N.J. Dec. 23, 2020) (denying a motion to compel arbitration noting that the Agreement, arbitration provision, and class action waiver were not referenced in the complaint, and that the Agreement and the issue of arbitration were raised for the first time in the defendant's pending motion and accompanying briefing). "The materials the Court reviews on this initial motion to compel are those contained or incorporated in the complaint—not those attached to the motion papers." *Hosang v. Midland Credit Mgmt., Inc.*, No. CV19-21740 (BRM/JAD), 2020 WL 8366284, at *3 (D.N.J. Dec. 15, 2020), *report and recommendation adopted,* No. CV2:19-21740 (BRM/JAD), 2021 WL 307544 (D.N.J. Jan. 29, 2021).

The Court acknowledges Defendant's argument that the underlying agreement that was not attached to the original FDCPA complaint can be considered when considering a motion to compel, but the Court is not convinced by this approach. Rather, the Court is persuaded by the majority of courts within this district's application of *Guidotti*—denying a motion to compel in an FDCPA case where, as in this case, the complaint does not attach or implicate the underlying agreement or relevant arbitration provisions and accordingly permitting discovery to determine the arbitrability of the matter. *See, e.g., Hosang*, 2020 WL 8366284, at *3, *report and recommendation adopted,* 2021 WL 307544 (denying a motion to compel arbitration because the complaint alleging improper debt collection practices under the FDCPA did not "facially acknowledge or incorporate an arbitration agreement" and noting that "it is unclear whether the credit agreement itself is central to the complaint where Plaintiff challenges the veracity of a debt

8

collection practice"); *see also Hejamadi v. Midland Funding, LLC*, No. CV18-13203 (KSH/CLW), 2019 WL 4855624, at *3-4 (D.N.J. Oct. 2, 2019) (denying a motion to compel arbitration when the plaintiffs did not attach a copy of the agreements containing the arbitration provision to the amended complaint when the plaintiffs' FDCPA claims were entirely based on the debt collection letters allegedly sent by the defendant); *Dotson v. Atl. Credit & Fin., Inc.*, No. CV19-1143 (JMV/JAD), 2019 WL 4785641, at *4 (D.N.J. Sept. 27, 2019), *report and recommendation adopted*, No. CV19-1143, 2019 WL 5394837 (D.N.J. Oct. 22, 2019) (denying a motion to compel arbitration when the plaintiff's complaint did not reference the agreement containing the arbitration clause and finding that "[t]o determine arbitrability between the parties, the Court must look to the credit card agreement and account sale/transfer documents—documents extraneous to the pleadings—attached to Defendants' motion to compel arbitration"); *Nicasio v. L. Offs. of Faloni & Assocs., LLC,* No. CV2:16-0474 (WJM), 2016 WL 7105928, at *2 (D.N.J. Dec. 5, 2016) (denying a motion to compel arbitration and finding the complaint, which asserted a claim under the FDCPA, did not establish on its face that the parties agreed to arbitrate) (citing *Guidotti*, 716 F.3d at 774)); *see also Hubbard v. Comcast Corp.*, No. CV18-16090 (RBK/KMW), 2019 WL 2866067, at *2 (D.N.J. July 3, 2019) (denying a motion to compel arbitration when the complaint contained no reference to the arbitration agreement or dispute resolution program; neither the agreement nor the related documents were attached as exhibits to the complaint; and because plaintiff's employment discrimination claims were not based on the existence of the documents) (collecting cases).

Because the Complaint does not establish on its face that the parties agreed to arbitrate, the Court must apply the summary judgment standard to a motion to compel arbitration, and thus the Court cannot decide the present motion without first ordering limited discovery as to the

question of arbitrability. *Nicasio*, 2016 WL 7105928, at *2 (citing *Guidotti*, 716 F.3d at 774); *see also Torres v. Rushmore Serv. Ctr., LLC*, No. CV18-9236 (SDW/LDW), 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018) ("Because the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion."). The Court, therefore, denies Defendant's Motion to Compel Arbitration without prejudice and orders the parties to conduct limited discovery regarding the issue of arbitrability, and specifically, the enforceability of the CIT and the arbitration provision provided therein. Once completed, Defendant may file a renewed motion to compel arbitration, which will be reviewed under a summary judgment standard pursuant to Federal Rule of Civil Procedure 56. *See Guidotti*, 716 F.3d at 776.

## V.   CONCLUSION

For the above stated reasons, the Court denies, without prejudice, Defendant's motion to compel arbitration and dismiss the Complaint. An appropriate order will be entered.

Dated:  August 25, 2022

KAREN M. WILLIAMS
United States District Judge